*364 OPINION.
JLove:
Section 209 of the Revenue Act of 1917 provides for a profits tax of 8 per cent “in the case of a trade or business having no invested capital or not more than a nominal capital.”
The petitioner contends that in 1917, it had only a nominal capital, and hence is entitled to assessment under section 209 of the Revenue Act of 1917. The respondent contends to the contrary.
The corporation, from the date of its charter in 1903, to January 17, 1916, had outstanding capital stock of the par value of $50,000. What the consideration paid in for that stock was is not disclosed.
On January 17, 1916, the capital stock was reduced to $5,000 and all the old certificates were called in and canceled. The value of the tangible assets at that date was $300. If it had any other assets, they were intangible. The Commissioner determined that it did have intangible assets, and determined their value at $34,700. As above indicated, the record is silent as to what those intangible assets, if any, consisted of, otherwise than being designated as good will, and what their value, if any they had, was; and as Bateman and Taylor in 1915 paid $35,000 for all the capital stock, and as there were $300 worth of tangible assets, the Commissioner took the difference, $34,700, and allocated that amount to good will.
Regardless of the nature of those intangible assets, and their market value, the capital stock in 1916 was reduced to $5,000; hence in 1917 there was only $5,000 par value of stock outstanding. Section 207 of the Revenue Act of 1917 provides a limitation for invested capital purposes on such intangible assets as good will, limiting the same to 20 per cent of the total capital stock. The capital stock being $5,000 in 1917, its statutory invested capital for that year was $1,300. There is nothing in the record to indicate that the so-called good will assets had any actual value, at most, in excess of the amount at which it was limited by statute. And there is nothing in the record to indicate that petitioner in 1917 had any substantial amount of revenue-producing capital in excess of its statutory invested capital. The $1,300 invested capital for the corporation here involved, doing the amount of business which the record discloses it did, is but a nominal capital and entitles it to assessment under section 209 of the Revenue Act of 1917.
The next problem for solution is to decide whether or not petitioner, for the years 1918 and 1920, is entitled to personal service classification under section 200 of the Revenue Act of 1918.
*365 In the instant c&se the record discloses that much of the income was the direct result of personal solicitation by persons, other than the principal stockholders, and much of the actual physical work incident to the harvesting of that income was performed by persons other than stockholders. Still, the record clearly shows that the large volume of business transacted by the petitioner flowed to it by reason of the extended range of acquaintanceship on the part of Bateman and Taylor, the two principal stockholders, carrying throughout that range of acquaintanceship the prestige, good will, and knowledge on the part of customers of the integrity, business ability, and efficiency of service known to exist in those two men. The whole record bears out the conclusion that without those two men acting as the directing and responsible head of the business, its profits would have been negligible and it probably would have suffered a loss, as it did prior to its being taken over by Bateman and Taylor.
Under the facts of this case petitioner is held entitled to personal service classification for the years 1918 and 1920.
Reviewed by the Board.

Judgment will he entered wnder Rule 50.